1    KENNETH D. SULZER (SBN 120253)
     ksulzer@constangy.com
2    REGINA A. MUSOLINO (SBN 198872)
     rmusolino@constangy.com
3    LISA YUMI MITCHELL (SBN 311407)
     lmitchell@constangy.com
4    CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
     2029 Century Park East, Suite 1100
5    Los Angeles, CA 90067
     Telephone: 310-909-7775
6

7    Attorneys for Defendant
     SHI INTERNATIONAL CORP. (erroneously sued as "SHI International, Inc.")
8

9             **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAZMIA MOORE, individually and on behalf of herself and all others similarly situated , <br><br>         Plaintiff, <br><br>     vs. <br><br> SHI INTERNATIONAL, INC., and DOES 1 through 25, <br><br>         Defendants. | Case No.:   2:18-cv-09865 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446(b)(3) AND (c); DECLARATIONS OF REGINA MUSOLINO AND MICHAEL HALUSKA IN SUPPORT THEREOF; EXHIBITS** <br><br> (Los Angeles County Superior Court Case  No. 18STCV02054) <br><br> Complaint Filed:   October 23, 2018 <br> Removal Date:    November 26, 2018 <br> Trial Date:      None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

**DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER**

**ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that Defendant SHI International Corp. ("SHI" or "Defendant") (erroneously sued as "SHI International, Inc.") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because complete

diversity exists between the parties and because the amount in controversy exceeds $75,000 exclusive of interest and costs.  In compliance with 28 U.S.C. § 1446(b)(3) and (c), SHI asserts the following grounds for removal:

## PLEADINGS AND PROCEEDINGS

1.     On October 23, 2018, Plaintiff Jazmia Moore ("Plaintiff") commenced an action against SHI by filing a Complaint in the Superior Court of California for the County of Los Angeles, Case No. 18STCV02054, asserting six causes of action for (1) failure to pay overtime wages, (2) failure to provide meal and rest periods, (3) failure to provide complete and accurate wage statements, (4) failure to pay all wages due at termination, (5) failure to pay for all reimbursable expenses, and (6) unfair business practices.  (Declaration of Regina Musolino ("Musolino Decl."), ¶ 2, Ex. A ("Compl.").)  Plaintiff brought all of these claims on behalf of herself and a putative class of persons who have been employed by SHI since October 23, 2014 "who were paid with commissions as part of their compensation and who worked primarily from one of SHI's California offices."  (Compl., ¶ 7.)  Her principal substantive allegation is that she and the putative class members "were paid sales commissions on a periodic basis, but not with every paycheck" such that "for the pay periods in which they did not receive commission pay, such employees were incorrectly treated as exempt" for the purposes of overtime and meal and rest periods.  (*Id.*, ¶¶ 18-19.)  She additionally alleges that putative class members were not reimbursed for work-related expenses, including cell phones, computers, internet access, and vehicle/travel expenses.  (*Id.*, ¶ 20.)

2.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all state court "process, pleadings, and orders" are attached as Exhibits A through D to the Declaration of Regina Musolino.

3.     SHI will serve written notice of the filing of this Notice of Removal on Plaintiff as required by 28 U.S.C. § 1446(d) and will file this Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Los

Angeles.

## TIMELINESS OF REMOVAL

4.    This action has not previously been removed to federal court.

5.    A copy of the Complaint was served on SHI on October 24, 2018. This Notice of Removal is timely filed within 30 days of the date of service.  28 U.S.C. § 1446(b).

6.    The Complaint does not allege an amount in controversy, an estimated number of putative class members, or other facts from which it can be ascertained from the face of the pleadings that the case is one which is removable.  (*See* Compl.) However, SHI has conducted its own investigation and reviewed its employment and payroll records for Plaintiff.  (Declaration of Michael Haluska ("Haluska Decl."), ¶ 1.)  Based on this review, it is clear that this action is properly removable under 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity exists between the parties and because the amount in controversy exceeds $75,000 exclusive of interest and costs.  Accordingly, this removal is appropriate and timely under 28 U.S.C. § 1446(b).  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove [an action] . . . on the basis of its own information . . . A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained . . . [b]ut neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own.").

## REMOVAL BASED ON DIVERSITY JURISDICTION
## (28 U.S.C. § 1332(a)(1))

7.    28 U.S.C. § 1332(a) provides in relevant part that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different states[.]"

8.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one that may be removed to this Court by SHI pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, in that it is a civil action between citizens of different states and the amount in controversy between SHI and Plaintiff exceeds $75,000, exclusive of interest and costs.

### CITIZENSHIP OF PARTIES

9.     **Plaintiff's Citizenship.** SHI is informed and believes, based upon the allegations in Plaintiff's Complaint and the information in SHI's records, that Plaintiff was at all times relevant to the Complaint, and still is, a citizen and resident of the State of California.  Plaintiff alleges in the Complaint that she resides in California.  (Compl., ¶ 5.)  Further, Plaintiff worked for SHI in California, and SHI's records reflect Plaintiff moved to California in 2012 and lived in Chino Hills, California at the time she left her employment with SHI on September 29, 2017.  (Haluska Decl., ¶ 3.)  Accordingly, Plaintiff is a citizen of California.

10.     **SHI's Citizenship.**  As Plaintiff acknowledges in the Complaint, SHI was at the time of the filing of this action, and still is, a corporation organized under the laws of the State of New Jersey, having its principal place of business in Somerset, New Jersey.  (Compl., ¶ 2; Haluska Decl., ¶ 2.)  As a result, SHI is a citizen of New Jersey.  *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")  The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.     The Complaint also names as defendants "Does 1 through 25."  Does 1 through 25 are fictitious defendants who are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes.  *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th

4

NOTICE OF REMOVAL

Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes"); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (same).

12.    Because Plaintiff and SHI are citizens of different states, the diversity requirement is met.  28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

13.    An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional amount.  *See Abrego Abrego v. The Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).  To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and thus does not require the defendant to do extensive research or prove the plaintiff's damages.  *See Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM (JCx), 2011 WL 1790123, at *5 (C. D. Cal. May 9, 2011) (citing *Korn v. Ralph Polo Lauren Corp.*, 536 F. Supp. 2d 1199, 1004-05 (E. D. Cal. 2008)).

14.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that Plaintiff will prevail on each and every one of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C. D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")).

15.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

1

**PLAINTIFF AND HER CLAIMS**

2    16.   Plaintiff does not allege a specific amount in controversy, but instead

3 seeks the following relief: unpaid overtime wages pursuant to Labor Code § 510,

4 unpaid meal and rest period premiums pursuant to Labor Code §§ 226.7 and 512(a),

5 penalties for non-compliant wage statements pursuant to Labor Code § 226, waiting

6 time penalties for failure to timely pay all wages due at termination pursuant to Labor

7 Code §§ 201-03, reimbursement of business-related expenses incurred for cell

8 phones, computers, internet access, and vehicle/travel expenses incurred by Plaintiff

9 on behalf of SHI pursuant to Labor Code § 2802, prejudgment interest, attorneys'

10 fees, and costs. (Compl., pp. 12-13 ("Prayer for Relief."))

11    17.   Plaintiff was employed by SHI from approximately December 13, 2010

12 to September 29, 2017. (Haluska Decl., ¶ 3.) During all times relevant to the

13 Complaint, Plaintiff held the title of Senior Account Executive and worked in

14 California. (*Id.*, ¶ 3. *See also* Compl., ¶¶ 15, 17.) She was classified by SHI as exempt

15 as an outside sales employee and was paid a base salary plus commissions. (Haluska

16 Decl., ¶ 4.)

17    18.   Plaintiff was employed for approximately 153 workweeks during the

18 putative class period (i.e., October 23, 2014 through September 29, 2017). (Haluska

19 Decl., ¶ 5.) She was paid bi-weekly, and thus worked 77 pay periods during the class

20 period. (Compl., ¶ 15; Haluska Decl., ¶ 5.) She was not paid commissions during 41

21 of the 77 pay periods, meaning that she worked 82 weeks, or approximately 410 shifts

22 (82 weeks x 5 days/week), during pay period in which she was not paid commissions.

23 (Haluska Decl., ¶ 6.)

24    19.   Her base annual salary as of 2017 was $50,000. (Haluska Decl., ¶ 4.)

25 Thus, with Plaintiff a full-time hourly employee working 2,080 hours per year (40

26 hours/week x 52 weeks/year), her regular hourly rate would have been $24.04

27 ($50,000/year ÷ 2,080 hours/year) and her overtime rate would have been $36.06

28 ($24.04/hour x 1.5).

20.    In the Complaint, Plaintiff alleges that she and the putative class members were misclassified as exempt employees during the pay periods in which they did not receive commission pay, and were thus entitled to overtime pay and meal and rest period premiums during those pay periods. (*See* Compl., ¶¶ 15-16, 18-19.)

21.    **Recovery of Alleged Unpaid Overtime Wages.**  California Labor Code § 510 provides that work in excess of eight hours per day and/or 40 hours per week and/or for the first eight hours of the seventh day of work should be compensated at no less than one and one-half (1.5) times the regular rate of pay for the employee. The recovery of unpaid overtime wages is subject to the three-year statute of limitations for unpaid wages in California Code of Civil Procedure § 338.  *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007).  However, Plaintiff seeks restitution of unpaid wages pursuant to California Business & Professions Code § 17200, *et seq*. (Compl., ¶ 21), the statute of limitations on which is four years. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79 (2000) ("We recognize that any business act or practice that violates the Labor Code through failure to pay wages is, by definition . . . an unfair business practice . . . *Any* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section.") (emphasis in original.)

22.    Plaintiff alleges that she was "required" to work more than 8 hours in a day and more than 40 hours in a week, but that she was not paid overtime in violation of Labor Code § 510.  (Compl., ¶ 24.)  Plaintiff alleges that she was often required to work more than 10 hours in a day, meaning that she worked in excess of 2 hours of overtime during many shifts.  (Comp., ¶ 31).  However, to provide a more conservative estimate, SHI assumes for the purposes of this removal that Plaintiff was required to work an average of only one hour of overtime during the 410 shifts she worked during pay periods in which she did not receive commissions.  Accordingly, the total amount in controversy for Plaintiff's overtime claim is **$14,784.60** ($36.06/hour overtime rate x 1 hour of overtime/shift x 410 shifts).

23. **Recovery of Meal and Rest Period Premiums**. Pursuant to Labor Code § 512, an employee is entitled to a meal period of not less than 30 minutes for a work period of more than five hours per day. Pursuant to the IWC Wage Orders, employees are additionally entitled to a paid 10-minute rest period for every 4 hours worked or major fraction thereof. *See*, *e.g.*, Wage Order 7-2001, § 12(A). The remedy for failure to give an employee a meal or rest period is one hour of pay at the employee's regular rate, and this remedy is subject to the three-year statute of limitations in Code of Civil Procedure § 338(a). *Murphy*, 40 Cal. 4th at 1102-14. However, because Plaintiff seeks wages for meal and rest period violations pursuant to California Business & Professions Code § 17200, *et seq.* (Compl., ¶ 21), the statute of limitations is four years. *Cortez*, 23 Cal. 4th at 178-79.

24. Plaintiff alleges that SHI failed to provide her with meal or rest periods because she was not permitted to leave her place of work or relieved of all duty. (Compl., ¶ 31.) For the purposes of this removal, SHI assumes Plaintiff was not provided with one meal period and one rest period in each of the 410 shifts she worked during pay periods in which she did not receive commissions, meaning that she would be owed 820 meal and rest period premiums (410 meal period premiums and 410 rest period premiums). Thus, the amount in controversy as to this claim is **$19,712.80** ($24.04/hour x 820).

25. Further, because Plaintiff alleges that she was not provided with meal periods and/or required to remain on-duty during her meal periods, she would additionally be owed compensation for the time spent working otherwise on-duty during the 30-minute meal periods. And because she was a full-time employee, time worked during meal periods would necessarily be overtime to be compensated at her overtime rate. Accordingly, the additional amount in controversy as to Plaintiff's claim for on-duty meal periods is **$7,392.30** ($36.06/hour x 410 shifts x 0.5 hours).

26. **Recovery of Wage Statement Penalties.** Plaintiff next seeks statutory penalties for SHI's alleged failure to provide accurate wage statements in violation of

California Labor Code § 226. (Compl., ¶¶ 34-38.) Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. Cal. Labor Code § 226(e). The statute of limitations for failure to provide accurate wage statements is one year. Cal. Code Civ. Proc. § 340(a).

27. The Complaint contains no specific allegations as to how the wage statements provided by SHI failed to comply with Labor Code § 226, instead simply quoting the statute at length (Compl. ¶¶ 34-38), but SHI presumes that this claim is derivative of Plaintiff's substantive claims for unpaid overtime and meal and rest period premiums, meaning that the wage statements would only be inaccurate in pay periods during which Plaintiff did not receive commissions, and was thus allegedly entitled to overtime pay and meal and rest period premiums. Plaintiff's employment with SHI ended on September 29, 2017—i.e., more than one year before the filing of the Complaint. Therefore, the estimated value of this claim is $0.

28. **Waiting Time Penalties**. Plaintiff also seeks statutory waiting time penalties pursuant to California Labor Code §§ 201-203 because SHI allegedly failed to pay all wages owed at the time of termination of her employment. (Compl., ¶¶ 39-44.) Under Section 203, terminated employees who are not paid all wages owed at the time of separation from employment may recover a penalty that is equal to their daily wage up to a maximum of 30 days. Cal. Labor Code § 203(a). The statute of limitations for a claim for waiting time penalties is three years. Cal. Labor Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395-98 (2010).

29. As set forth above, Plaintiff's regular rate was $24.04. Thus, assuming that her "daily wage" is equal to 8 hours at her regular rate, her "daily wage" would be $192.32, and the value of this claim would be **$5,769.60** ($192.32/day x 30 days).

30. **Unreimbursed Business Expenses.** Plaintiff next seeks reimbursement of "expenses incurred in the course of performing [her] job[]," for which she was

allegedly not reimbursed in violation of Labor Code § 2802. (Compl., ¶¶ 45-47.) Plaintiff alleges that she and "other members of the Class were required to use their own cell phones, computers and internet access" as well as "their own vehicles" in order to perform their jobs. (Compl., ¶ 20.) The statute of limitations on a claim based on unreimbursed business expenses is three years. Cal. Civ. Proc. Code § 338.

31. Plaintiff worked 23 full months during the three years prior to the filing of the complaint (November 2015 through September 2017). SHI assumes that Plaintiff was not reimbursed $30/month for cell phone expenses, $10/month for internet expenses, and $50/month for vehicle/travel expenses, for a total of $90/month in unreimbursed expenses. SHI additionally assumes that the value of Plaintiff's unreimbursed computer is $600, placing the value of this claim at **$2,670** ($90/month x 23 months + $600).

32. **Amount in Controversy as to Plaintiff's Substantive Claims.** In total, the value of Plaintiff's claims for unpaid overtime ($14,754.60), meal and rest period premiums ($19,712.80), unpaid wages for on-duty meal periods ($7,392.30), wage statement penalties ($0), waiting time penalties ($5,769.60), and unreimbursed business expenses ($2,670) total **$50,299.30**.

33. **Attorneys' Fees**. Finally, Plaintiff seeks attorneys' fees to the extent recoverable by statute, including Labor Code § 218.5 and Code of Civ. Proc. § 1021.5. (Compl., ¶¶ 25, 38, 44, 47, "Prayer for Relief.") "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C. D. Cal. 2012) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N. D. Cal. 2002)). *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5-6 (C. D. Cal. Mar. 3, 2015);

*Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C. D. Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. 'Even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum.'" *Cain*, 890 F. Supp. 2d at 1250 (quoting *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *5 (E. D. Cal. Oct. 19, 2009)).

34.    Attorneys' fees awards from similar cases, as well as the Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in actions asserting employment-related claims based on alleged violation of the California Labor Code, make it readily apparent that it is "more likely than not" that Plaintiff will seek attorneys' fees in excess of **$80,000** if this case is litigated through trial to a judgment. SHI reasonably estimates at this juncture that its own attorneys' fees to defend this action through a trial and post-trial motions will be over $150,000 based on its own past litigation experience. Plaintiff cannot reasonably dispute that she will seek an award of attorneys' fees of at least $80,000, should her counsel litigate this matter through trial. Indeed, lead counsel in this matter, Aaron Gundzik of Gartenberg Gelfand Hayton LLP, in 2015 sought $80,000 in attorneys' fees in a wage and hour action with a putative class consisting of only 33 individuals and which *settled* during discovery—prior to class certification motion practice or trial. *Salgado v. Land O'lakes, Inc.*, No. 1:13-CV-789-LJO-SMS, 2015 WL 7352451, at *2 (E. D. Cal. Nov. 19, 2015).

35.    California state and federal courts have recognized the reality of significant attorneys' fee awards, including six-figure awards, in both single plaintiff and class wage and hour actions. *See Martin v. The Old Turner Inn*, 42 Trial Digest 6th 3, 2003 WL 22416020 (Cal. Super. Ct. Feb. 27, 2003) (awarding $147,610 in attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered $49,508 in compensatory and punitive damages); *Bandoy v. Huh*, 24 Trials

Digest 2d 51, 1996 WL 675978 (Cal. Super. Ct. Sept. 26, 1996) (awarding $73,680 in attorneys' fees in a wage-and-hour misclassification case in which the plaintiff recovered in excess of $200,000 in unpaid wages); *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441 at *4 (N.D. Cal. Apr. 15, 2010) (citing *Martin* and *Bandoy* and denying plaintiff's motion to remand a similar wage and hour dispute, and noting that "a reasonable estimate of attorneys' fees likely to be expended" should be included in calculating the amount in controversy, and crediting defendant's assertion that it is reasonable to expect plaintiff's attorneys' fees in a single plaintiff wage and hour matter to "typically spend far more than 100 hours on a case" at a rate of $400 per hour) (citations omitted).

36.    Accordingly, assuming that Plaintiff seeks *only* **$80,000** in attorneys' fees in connection with the matter, the amount in controversy is **$130,299.30**, well in excess this court's jurisdictional minimum.

## **VENUE**

37.    Venue lies in this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c).  This action was originally brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of California.  (*See* Musolino Decl., ¶ 2, Ex. A.)  Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Dated:  November 26, 2018              CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

                                       By:    /s/ Kenneth D. Sulzer
                                              Kenneth D. Sulzer
                                              Attorneys for Defendant
                                              SHI INTERNATIONAL CORP.